UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS JOHNSON,

        Plaintiff,

v.                                                         Case No. 17-C-376

TINA WATTS, GINA BUONO,
CHESTER DMYTRIY, & PATTI WOODARD,

        Defendants.

## DECISION AND ORDER GRANTING SUMMARY JUDGMENT

Plaintiff Travis Johnson, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that his civil rights were violated. He claims that Tina Watts, Dr. Gina Buono, Chester Dmytriy, and Patti Woodard violated his constitutional rights by their deliberate indifference to his serious medical needs. Currently before the court is defendants' motion for summary judgment. Johnson did not file a response to defendants' motion for summary judgment within thirty days as required by Civil Local Rule 56(b)(2) and has not requested additional time to file a response. This alone is grounds to grant the motion. Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."). For this reason, and also because on the undisputed facts before me, it is clear they are entitled to judgment as a matter of law, the defendants' motion for summary judgment will be granted.

# I. BACKGROUND

Johnson was housed at the Milwaukee Secure Detention Facility ("MSDF") at all time relevant to this case. Defs.' Proposed Findings of Fact (DPFOF) ¶ 1, ECF No. 15.[1] On February 6, 2016, before he was incarcerated, Johnson visited a Menomonee Falls emergency room, where he was diagnosed with a dislocated left thumb but his x-ray revealed no fractures. DPFOF ¶ 13; *see also* ECF No. 16-1 at 92–93. He was given a splint for his thumb and advised to follow up with hand surgery. *Id*.

On May 12, 2016, a nurse performed an intake examination on Johnson as he transferred into MSDF. *Id*. ¶ 8. He did not disclose or complain of his left thumb injury and was not wearing a splint. *Id*. ¶ 9; *see also* ECF No. 16-1 at 17–19. On June 1, 2016, Doctor Gina Buono performed a physical on Johnson, at which time Johnson claimed he had a fractured thumb but that it was not currently painful. *Id*. ¶ 10; *see also* ECF No. 16-1 at 20–21. Dr. Buono ordered x-rays, which were negative, and reviewed Johnson's emergency room records.. *Id*. ¶¶ 10–12; *see also* ECF No. 16-1 at 26. Dr. Buono determined that no immediate referral was needed because Johnson's thumb was stable and not painful. *Id*. ¶ 14; *see also* ECF No. 16-1 at 38.

On September 28, 2016, Johnson filed a health service request ("HSR") and complained of chronic pain in his left thumb. *Id*. ¶ 16; *see also* ECF No. 16-1 at 132. On September 29, 2016, Johnson was triaged by a nurse and on October 6, 2016, Dr. Buono saw him to address his HSR. *Id*. ¶¶ 18–19; *see also* ECF No. 16-1 at 34–35. Dr. Buono consulted with an orthopedist and then

---

[1] All of the background facts come from the defendants' proposed findings of fact. Johnson has failed to respond to defendants' motion for summary judgment in compliance with Civil Local Rule 56(b)(2). Therefore, all facts within defendants' proposed findings of fact that are properly supported will be deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the non-movant as mandated by the local rules results in an admission.").

submitted a request for authorization form for Johnson for an offsite medical consultation about his left thumb. *Id*. ¶¶ 20–21. This was Dr. Buono's last visit with Johnson pertaining to his complaints about his thumb. *Id*. ¶ 21.

On October 18, 2016, Johnson submitted a medication refill request for Ibuprofen 200 mg. *Id*. ¶ 32; *see also* ECF No. 16-1 at 129. On October 20, 2016, Johnson's request was denied and returned to him. *Id*. ¶ 20; *see also* ECF No. 16-1 at 53–54. Nurse Clinicians within the health services unit do not have the authority to prescribe medication to patients. *Id*. ¶ 33. They are permitted to dispense one-time orders of over-the-counter medication, like ibuprofen, but are not allowed refills on such medication. *Id*. Instead, the expectation is that inmates will purchase the over-the-counter medication from the institution's canteen once the short-term dose has been used. *Id*. ¶ 34. Johnsons' medication refill denial was signed by Patty Potts. *Id*. ¶ 35.

On October 24, 2016, Johnson filed an inmate complaint, alleging that his hand was injured in a way that was unclear to the medical staff and that it was causing him continuous significant pain. *Id*. ¶ 38; *see* ECF Nos. 17-1 (copy of Johnson's entire inmate complaint history) and 17-2 (copy of Johnson's specific inmate complaint package). On December 19, 2016, Johnson's inmate complaint was rejected because it was untimely. ECF No. 17-2 at 4.[2] An inmate must file an complaint within fourteen days of the incident. The institution complaint examiner noted that Johnson first complained about pain on June 1, 2016, but did not submit the complaint until October 24, 2016. *Id*. On December 23, 2016, Johnson filed a request for review of the rejected complaint. *Id*. at 6. Johnson stated that he had documentation requiring him to wear a splint and have hand surgery and that he still had not received hand surgery. *Id*.

---

[2] Although Defendants do not offer a specific proposed finding of fact, the court may consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

On January 18, 2017, the reviewing authority reviewed Johnson's request and found that Johnson's complaint had been inappropriately rejected by the inmate complaint examiner and was returned to further investigation. *Id*. at 8. On January 20, 2017, upon reconsideration, the Inmate Complaint Examiner found that Johnson did not complain about pain from June 6, 2016, through August 1, 2016. *Id*. at 9. The examiner found that once he did complain, he was seen by the nurse and the provider, and was referred to an outside provider. *Id*. Therefore, the examiner found that staff responded appropriately to Johnson's complaints and dismissed his inmate complaint. This was reviewed by the reviewing authority, who agreed with the dismissal and noted that "[p]atients must understand that the timeliness of scheduling offsite appointments is challenging and we must accept the appointments that are provided." *Id*. at 10. There is no record that Johnson ever appealed the reviewer's decision. *Id*. at 1–18.

On March 14, 2017, Johnson filed this complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his left thumb injury in violation of his Eighth Amendment right. In his complaint, Johnson alleged that the defendants were deliberately indifferent in their treatment of his thumb injury and in denying his medication refill request for ibuprofen. On October 3, 2017, Defendants filed a motion for summary judgment. Defendants argue that Johnson has failed to exhaust his administrative remedies. ECF No. 14 at 8. Additionally, they argue that even if Johnson had exhausted his administrative remedies, the defendants were not deliberately indifferent to Johnson's medical needs.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

4

of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## III. ANALYSIS

Johnson has failed to exhaust his administrative remedies by failing to appeal the dismissal of his inmate complaint to the corrections complaint examiner. The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust their available administrative remedies before they may bring a claim under 42 U.S.C. § 1983 about prison conditions. 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The failure to properly exhaust each step of the process constitutes failure to exhaust available administrative remedies. *Id*. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

5

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The ICE has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to the Corrections Complaint Examiner (CCE) within 10 calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the CCE shall issue a written receipt of the appeal to the inmate within five working days, then recommend a decision to the DOC Secretary, who adopts or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4), DOC 310.14(2). The failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

Johnson never appealed the reviewing authority's amended report to the CCE. ECF No. 17-2. Therefore, Johnson has failed to exhaust his available administrative remedies. Johnson does not dispute that he never appealed the reviewing authority's decision to the CCE. Nor does he provide any explanation for why he failed to appeal and to exhaust his administrative remedies. When "the failure to exhaust was the prisoner's fault . . . the case is over." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Therefore, the court finds that Johnson has failed to exhaust his administrative remedies and his claims must be dismissed. Although the defendants also assert several other grounds upon which they contend they are entitled to summary judgment, there is no need to address them since Johnson

has failed to exhaust his administrative remedies. This is enough to doom his case. Accordingly, the defendants' motion for summary judgment (ECF No. 13) is **GRANTED** and the case is **DISMISSED**. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this   30th   day of November, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court